UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**RONNIE LEE BROWN,**

    **Plaintiff,**

v.      Case No: 6:14-cv-2051-Orl-41TBS

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

                        /

**ORDER**

THIS CAUSE is before the Court on Plaintiff Ronnie Lee Brown's Complaint (Doc. 1), in which Plaintiff, under 42 U.S.C. §§ 405(g), 1383(c)(3), seeks judicial review of the Commissioner of the Social Security Administration's ("Commissioner") decision to deny Plaintiff's application for Supplemental Social Security Income Benefits. On November 24, 2015, United States Magistrate Judge Thomas B. Smith issued a Report and Recommendation ("R&R," Doc. 16), recommending that this Court affirm the Commissioner's decision. Plaintiff objected to the R&R, ("Objection," Doc. 17), and the Commissioner filed no response to Plaintiff's objection. After an independent de novo review of the record, the Court will adopt the R&R in its entirety.

**I.     BACKGROUND**

Neither party objects to the Magistrate Judge's recitation of the procedural history and administrative record. The Court therefore adopts that portion of the R&R as if fully set forth herein.

**II.     LEGAL STANDARD**

Under 28 U.S.C. § 636(b)(1), when a party makes a timely objection concerning the proposed findings and recommendations of a magistrate judge,[1] the Court must conduct a de novo review of any portions of the report and recommendation to which the objection applies. *See also* Fed. R. Civ. P. 72(b)(3). A de novo review "require[s] independent consideration" of the issues based on the record. *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court's review is limited to a determination of whether an Administrative Law Judge ("ALJ") applied the correct legal standards and whether substantial evidence exists in the record to support an ALJ's factual findings. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence is "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotation omitted). If the record contains substantial evidence that supports an ALJ's factual findings, those findings are conclusive. 42 U.S.C. § 405(g); *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992). An individual's residual functional capacity ("RFC")—an assessment, based on all the relevant evidence, of a claimant's ability to do work despite his impairments, 20 C.F.R. § 404.1545(a)(1)—is a factual finding, *Shaw v. Astrue*, 392 F. App'x 684, 687 (11th Cir. 2010). An ALJ must assess an individual's RFC based on two types of evidence: (1) relevant medical evidence and (2) other relevant evidence in the record. 20 C.F.R. § 404.1545(a)(3).

An ALJ also has a duty to develop a full and fair record, an obligation that requires the ALJ to "'scrupulously and conscientiously probe into, inquire of, and explore for all the relevant

---

[1] The Court notes that Plaintiff's objection is timely. *See* Fed. R. Civ. P. 72(b)(2).

facts,'" both favorable and unfavorable. *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981) (quoting *Cox v. Califano*, 587 F.2d 988, 991 (9th Cir. 1978)). As the trier of fact, an ALJ has inherent discretion to make findings regarding the credibility of a witness. *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005). When choosing to reject a witness's credibility, an ALJ has no obligation to discredit the witness's testimony with an explicit finding. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). An ALJ's rejection of a witness's credibility, however, cannot be so broad that a district court cannot ascertain the basis for the rejection on review. *Id.* at 1210–11. So long as an ALJ makes an implicit rejection of a witness's testimony, one that is obvious to the district court, it is conclusive. *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995).

### III. ANALYSIS

Plaintiff objects to the R&R because he believes the ALJ "failed to apply the correct legal standards to [his] need for supplemental oxygen," though, substantively, Plaintiff takes no issue with the ALJ's use of the five-step process in 20 C.F.R. § 404.1520(a). (Objection at 2). Plaintiff's objection instead addresses factual finding: the ALJ's alleged failure to account for Plaintiff's need for oxygen in the RFC assessment. (*Id*. at 2–4). According to Plaintiff, his medical documents and his testimony constitute ample evidence that he requires the use of oxygen, and "it was unreasonable for the ALJ to conclude that [he] did not need any . . . oxygen at any time." (*Id.* at 3–4). Plaintiff also argues that the ALJ failed to elicit relevant facts regarding Plaintiff's use of oxygen and therefore did not fully and fairly develop the record.[2] In particular, Plaintiff points to the ALJ's statement that "[t]here is no indication that the need for a wheelchair, or walker is

---

[2] The Court notes that Plaintiff did not make this argument before Judge Smith and raises it here for the first time. When a party does not make an argument before a magistrate judge but raises it for the first time before a district judge in an objection to a report and recommendation, the district judge *may* consider it. *See Stephens v. Tolbert*, 471 F.3d 1173, 1176–77 (11th Cir. 2006). The Court will exercise its discretion to consider Plaintiff's new argument.

permanent, or how much oxygen [Plaintiff] needed and when." (*Id.* at 2 (quotation omitted)). Based on this statement, Plaintiff contends that "[i]f the ALJ believed that the record was insufficient regarding [his] need for supplemental oxygen, then she should have further developed the issue." (*Id.* at 3).

### A.   The RFC Assessment

The Court concludes that substantial evidence—more than a scintilla—exists in the record to support the ALJ's factual findings in the RFC. The record shows that the ALJ did rely on relevant medical evidence and other evidence concerning Plaintiff's need for oxygen when making the RFC assessment. *See* 20 C.F.R. § 404.1520(a)(3) (requiring the ALJ to assess RFC "based on all of the relevant medical and other evidence"). With regard to the medical evidence, the ALJ considered Plaintiff's physical symptoms, medical records, and treatment. (*See* Tr., Doc. 13-2, at 13–20).[3] In doing so, the ALJ mentioned the state of Plaintiff's pulmonary condition, by this Court's count, at least ten times. (*See id.* at 15–19). Of those ten times, the ALJ twice expressly recognized Plaintiff's need for or use of oxygen. (*See id.* at 15, 19).[4] In addition to the medical evidence, the ALJ considered other relevant evidence of Plaintiff's reliance on oxygen when she made the RFC assessment. The ALJ, for instance, considered a range of Plaintiff's daily activities, evidence that undoubtedly is relevant to Plaintiff's ability to function while relying on oxygen.[5]

> [Plaintiff] has described daily activities, which are not entirely limited and that are consistent with the residual functional capacity

---

[3] Where, as here, an attachment contains multiple documents, pinpoint citations refer to the record page numbers.

[4] When the ALJ made her RFC assessment, she acknowledged Plaintiff's need for oxygen by citing his testimony that "he is unable to do work due to breathing problems, which he said requires the use of a breathing machine." (Tr. at 15). The ALJ also acknowledged that Plaintiff's physician "noted that [Plaintiff] needed . . . home oxygen" when he was discharged from the hospital on January 16, 2014. (Tr., Doc. 13-10, at 19).

[5] Plaintiff testified that he uses oxygen continuously for at least fifteen hours every day. (Tr., Doc. 13-2, at 37).

> (RFC) established in this decision. At one point or another in the record, [Plaintiff] has reported the following activities: using public transportation, shopping, watching television, being able to manage finances, being the primary caretaker of his 13-year-old daughter, taking care of personal needs, preparing simple meals, cutting the grass, and washing dishes occasionally.

(*Id.* at 20 (citations to the record omitted)).

Although Plaintiff may be correct that his medical documents provide ample evidence that he requires oxygen,[6] the ALJ has license to make factual findings based on her view of the record, and so long as more than a scintilla of evidence exists to support her view, this Court must not disturb her findings. *Crawford*, 363 F.3d at 1158. Plaintiff's argument that "it was unreasonable" for the ALJ to conclude that Plaintiff does not need "any supplemental oxygen at any time," (Objection at 3–4), is not only an exaggeration of the ALJ's findings but also an invitation for this Court to overstep the legal boundaries of its review. To accept an argument based on reasonableness, or the lack thereof, this Court would have to decide facts anew, reweigh the evidence, or even substitute its judgment for that of the ALJ, and it is unable to do any of those things. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). Because the record contains substantial evidence—more than a scintilla—that supports the ALJ's factual findings in the RFC assessment, this Court must hold those findings to be conclusive.

### B. Development of a Full and Fair Record

The Court also determines that the ALJ fully and fairly developed all the relevant facts in the record regarding Plaintiff's need for oxygen. To make the case otherwise, Plaintiff points to the ALJ's statement that "[t]here is no indication that the need for a wheelchair, or walker is permanent, or how much oxygen [Plaintiff] needed and when." (Objection at 2 (quotation

---

[6] Plaintiff's medical records show that Plaintiff has "a moderately severe obstructive lung defect" and "'very labored breathing.'" (Tr., Doc. 13-8, at 396). They also show that a physician ordered Plaintiff to be on home oxygen. (Tr., Doc. 13-10, at 590).

omitted)). A careful reading of the record, however, shows that this statement is a reference to a discharge order, in which Plaintiff's physician notes that Plaintiff needs a wheelchair, walker, and home oxygen,[7] not a reference to the record as a whole. Only a few sentences before the ALJ wrote the statement in question, the ALJ wrote a similar sentence that reads, "[A]t the time of discharge from the hospital on January 16, 2014, it was noted that the [Plaintiff] needed a wheelchair, walker, and home oxygen (Exhibit 12F)." (Tr. at 19). This sentence is a clear reference to the discharge order, as is the statement in question.

During direct examination of Plaintiff, the ALJ fully and fairly developed the record on the precise issue at hand: how much oxygen Plaintiff needs and when he needs it. The ALJ elicited all the relevant information, namely that Plaintiff requires a continuous supply of oxygen for fifteen to sixteen hours a day and that he inserts medication into his breathing machine three times a day:

> Q: Why do you feel like you're unable to return to any type of job on a full-time basis?
>
> A: My breathing—I'm on oxygen 15 hours, 16 hours a day. I have . . . . a little machine that I put my Albuterol in. . . . I take that three times a day and I'm on oxygen.
>
> . . . .
>
> Q: Okay. Now was [the oxygen] on a permanent basis for you to take, you know, to use outside and all the time?
>
> A: Yes, ma'am.
>
> Q: Since two years ago have you been using portable oxygen continuously every time you leave the house?
>
> A: Oh, yes, ma'am.

---

[7] The discharge order reads, "Order comments: PT NEEDS WHEELCHAIR, WALKER, AND HOME OXYGEN. THANK YOU[.]" (*Id.*). The order does not specify the amount of oxygen or the recommended frequency for its use.

(*Id.* at 36–39). To the extent that Plaintiff argues that the ALJ erred by finding his testimony not to be credible, the ALJ, as the trier of fact, has province to make this determination, *Moore*, 405 F.3d at 1212, and her rejection of Plaintiff's testimony is not so broad that this Court is unable to understand the basis for it. In fact, the ALJ highlights particular inconsistencies between Plaintiff's testimony and the record:

> Although [Plaintiff's] work activity did not constitute substantial gainful activity, it does indicate that [Plaintiff's] daily activities have, at least at times, been somewhat greater than [Plaintiff] has generally reported. . . . Furthermore, despite the complaints of allegedly disabling symptoms, there have been periods of time since the alleged onset date during which [Plaintiff] has not taken any medications for those symptoms, including an approximate nine month period with no reported treatment through much of 2013. While [Plaintiff] testified that he has been compliant with his medication regimen, that testimony is not fully consistent with treatment records . . . . Indeed, as recently as January, 2014, [Plaintiff] was noted as noncompliant with recommended treatment.

(Tr. at 20 (citations to the record omitted)). Because the ALJ cited explicit reasons for her rejection of Plaintiff's testimony, she acted well within the bounds of her discretion as the trier of fact, and this Court must treat her findings as conclusive.

## IV. Conclusion

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 16) is **ADOPTED and CONFIRMED** and made a part of this Order.

2. The Commissioner's final decision is **AFFIRMED**.

3. The Clerk is directed to enter judgment accordingly and close this case.

**DONE** and **ORDERED** in Orlando, Florida on March 28, 2016.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record